UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MARK ALGOTS, individually,       )
                                 )
    Plaintiff,                   )
                                 )
v.                               )  Case No.
                                 )
                                 )  **JURY TRIAL DEMANDED**
CREDENCE RESOURCE                )
MANAGEMENT, LLC,                 )
a Nebraska limited liability company, )
                                 )
    Defendant.                   )

## COMPLAINT

1. This is an action for damages arising from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785. Defendant violated said Acts while attempting to collect an alleged debt from Plaintiff which, by law, he did not owe.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to, the false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

3. There is only one affirmative defense to liability for a violation of the FDCPA, the "bona fide error" defense. 15 U.S.C. § 1692k(c). *See Tourgeman v. Collins Financial Services, Inc.*, 197 F. Supp. 3d 1222, 1225 (S.D. Cal. 2016).

4. The bona fide error defense applies only to procedural or clerical errors. It does not excuse mistakes of law — i.e., "violations resulting from a debt collector's

mistaken interpretation of the legal requirements of the FDCPA." *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010).

5. The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006). Further, a single violation of the statute is sufficient to establish civil liability. *Id*.

6. The Eleventh Circuit Court of Appeals has adopted the "least sophisticated consumer" standard to analyze claims of deception or misrepresentation under section 1692e. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices. *See id*. at 1175-76.

7. The FCCPA prohibits egregious debt collection practices and provides legal remedies to protect consumers from harassing collection efforts.

8. To briefly summarize Plaintiff's claims, Defendant violated the FDCPA by communicating with him with knowledge that he was represented by an attorney, and by attempting to collect a debt which, by law, he did not owe.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce …"), and 15 U.S.C. §1692k (An action to enforce

any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, …").

10. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because the state court claims are so related to claims in the action from which original jurisdiction arises that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred here. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, …").

## PARTIES

12. Mark Algots ("Plaintiff") is a natural person and resident of Pompano Beach, Florida. Pompano Beach is located in Broward County.

13. Mark Algots, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

14. Credence Resource Management, LLC ("Defendant") is a Nebraska limited liability company whose principal address is 17000 Dallas Parkway, Suite 204, Dallas, TX 75248 and whose registered agent for service of process in the State of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

15. Credence Resource Management, LLC, through the mailing of debt collection letters, regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. Credence Resource Management, LLC is registered as a consumer

collection agency in the State of Florida (#CCA9903273) and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17. Plaintiff was injured in a work-related accident on or about November 15, 2017.

18. Under Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require." *Ascension Benefits v. Robinson*, 232 So. 3d 1178, 1180 (Fla. Dist. Ct. App. 2017).

19. Additionally, under Fla. Stat. § 440.13(14)(a), a health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for services rendered in accordance with this chapter. *See Avalon Center v. Hardaway*, 967 So. 2d 268, 274 (Fla. Dist. Ct. App. 2007).

20. Furthermore, in accord with these statutes, an employee is shielded from liability in any dispute between the employer or carrier and health care provider (as is the case here) regarding reimbursement for the employee's authorized medical or psychological treatment. *See id*.

21. A portion of such necessary medical treatment or services was provided by Phoenix Emergency Medicine of Broward, LLC ("Phoenix").

22. At some point between the date of his accident and March 6, 2018, Plaintiff retained counsel to ensure his proper receipt of benefits under Fla. Stat. § 440 *et seq*.

23. Defendant had knowledge that Plaintiff's injuries were the result of a workplace injury and that he was represented by counsel; information that is readily ascertainable by visiting https://www.jcc.state.fl.us/JCC/. Such is a procedure that any debt collector involved in the collection of medical debt should be familiar with.

24. Irrespective of the aforementioned facts, on or about March 29, 2018, Defendant sent Plaintiff a debt collection letter stating therein that, "The above amount owed to Phoenix Emergency Medicine of Broward LLC an Emergency Room Physician service has been placed with Credence Resource Management LLC for collection,"

25. The March 29, 2018 letter further advised Plaintiff that he could "Remit Payment To:" Credence Resource Management LLC, PO Box 2090, Southgate, MI 48195-4090.

26. On or about June 1, 2018, Defendant sent another debt collection letter to Plaintiff, demanding the same amount as before, but this time advising him that Phoenix was willing to resolve his account for less than the full balance.

## COUNT I
## Violation of the FDCPA at 15 U.S.C. § 1692c(a)(2)

27. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

28. Section 1692c(a)(2) prohibits a debt collector, absent consent from the consumer or leave of court, from communicating with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the

consumer." 15 U.S.C. § 1692c(a)(2). *Shimek v. Weissman, Nowack, Curry & Wilco, PC*, 323 F. Supp. 2d 1344, 1352 (N.D. Ga. 2003).

29. Defendant should have known that Plaintiff had an attorney to represent him with respect to the alleged debt because Defendant knew, or should have known, that he had an attorney to represent him in his workers' compensation claim.

30. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in their favor, and against Defendant for:

   a. Statutory damages in the amount of $1,000 dollars;
   b. Attorney's fees, litigation expenses and costs of suit;
   c. Such other or further relief as the Court deems proper.

## COUNT II
### Violation of the FDCPA at 15 U.S.C. § 1692e

31. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

32. Section 1692e prohibits Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of a debt.

33. Defendant violated Section 1692e by violating Fla. Stat. § 440.13(3)(g), specifically by alleging that Plaintiff owed a debt which, by law, he does not.

34. A violation of state law may, as is this circumstance, be a violation of the

FDPCA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) ("[C]ollection activities that use 'any false, deceptive, or misleading representation or means,' . . . under state law, will also constitute FDCPA violations.").

35. More specifically, Section 1692e(2)(A) prohibits a debt collector from falsely representing of "the character, amount, or legal status of any debt." *Valle v. First Nat. Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017).

36. Defendant's debt collection letters, one or more of them, falsely represent "the character, amount, or legal status" of the alleged debt by alleging that Plaintiff is responsible for the alleged debt when, in fact, he is absolved from such liability by statute.

37. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in their favor, and against Defendant for:

  d. Statutory damages in the amount of $1,000 dollars;
  e. Attorney's fees, litigation expenses and costs of suit;
  f. Such other or further relief as the Court deems proper.

### COUNT III
### Violation of the FCCPA at Fla. Stat. § 559.72

38. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

39. Specifically, Section 559.72(9) prohibits persons, in collecting consumer

debts, from claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserting the existence of some other legal right when such person knows that the right does not exist. *Drossin v. National Action Financial Services*, 641 F. Supp. 2d 1314, 1317 (S.D. Fla. 2009).

40. Defendant's debt collection letters, one or more of them, falsely claim, attempt, or threaten to enforce a debt when Defendant knows that the debt is not legitimate. Plaintiff is not responsible for the alleged debt when; he is absolved from such liability by statute.

41. 559.77(2) provides that any person who fails to comply with any provision of Section 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests judgment in their favor, and against Defendant for:

    g. Statutory damages in the amount of $1,000 dollars;

    h. Attorney's fees, litigation expenses and costs of suit;

    i. Such other or further relief as the Court deems proper.

### JURY DEMAND

42. Plaintiff demands trial by jury.

Dated: September 12, 2018

Respectfully submitted,

                                               s/ *Scott D. Owens*
                                               Scott D. Owens, Esq. (FBN 0597651)
                                               SCOTT D. OWENS, P.A.
                                               3800 S. Ocean Dr., Ste. 235
                                               Hollywood, FL 33019
                                               Tel: 954-589-0588
                                               Fax: 954-337-0666
                                               scott@scottdowens.com